UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY HALL,

                            Plaintiff,

       v.

THE CITY OF ROCHESTER, a municipal entity, ADAM
GORMAN, NICHOLAS ADAMS, JOHN DOES NOS. 1-10,

                          Defendants.

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

Case No. 22-CV-6452

Defendants, City of Rochester, Adam Gorman, and Nicholas Adams, by their attorneys Linda S. Kingsley, Esq, and Patrick B. Naylon, Esq, *of Counsel*, Answer the Complaint as follows:

1.  As to the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7 and 8 of the Complaint under the heading "Preliminary Statement" the Defendants state there is no provision in the Federal rules of Civil Procedure for a "Preliminary Statement " and the allegations are not simple, concise or direct, as such the Defendants assert a qualified  denial to the allegations generally except they admit the subject Complaint arises out of Defendant Gorman's arrest of Plaintiff Hall on June 18, 2022 and that Plaintiff seeks recovery versus the individual Defendants and the City of Rochester, as a result of the same. Defendants also admit generally Plaintiff is an employee of the City of Rochester, but state this fact is neither material nor relevant to the incident complained of on June 18, 2022.  Allegations referenced therein.

2.  Admit the allegations of paragraph 9 and 10.

3.  As to paragraph 11, Defendants admit the City is authorized and maintains a police department and admit generally that the City may be responsible for the actions of its officers acting within the scope of their employment, but deny the allegations alleging assumption of risk.

4.  As to paragraph 12, Defendants admit Defendants Gorman and Adams were police officers for the City of Rochester at the time and place alleged in the Complaint, but lack knowledge or information sufficient to form a belief as to the allegations as they apply to any unknown, unnamed Doe officers.

5.  As to paragraph 13, Defendants admit the allegations as they apply to Defendants

Gorman and Adams, but lack knowledge or information sufficient to form a belief as to the allegations as they apply to any unknown, unnamed Doe officers.

6.  As to paragraph 14, Defendants deny the allegations.

7.  As to paragraph 16, the Defendants admit the allegations.

8.  As to paragraph 17, the Defendants admit the allegations.

9.  As to paragraph 18, Defendants admit the allegations generally, but state they are irrelevant to this proceeding.

10. As to paragraph 19, Defendants admit the allegations generally, but state they are irrelevant to this proceeding

11. As to paragraph 20, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations as stated.

12. As to paragraph 21, Defendants admit Plaintiff was outside the lounge within the crime scene perimeter, which was clearly established and that he refused to leave.

13. As to paragraph 22, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations as stated.

14. As to paragraph 23, Defendants deny the allegations and characterizations as stated.

15. As to paragraph 24, Defendants deny the allegations and characterizations as stated and further state that Gorman spoke to Plaintiff directing him out of the crime scene restricted area.

16. As to paragraph 25, Defendants deny the allegations and characterizations as stated, but admit Plaintiff was arrested and handcuffed.

17. As to paragraph 26, Defendants admit the allegations.

18.  As to paragraph 27, Defendants admit that disorderly conduct was among the initial charges considered, but deny Plaintiff was arrested for disorderly conduct.

19. As to paragraph 28, Defendants deny the allegations and characterizations as stated.

20. As to paragraph 29, Defendants deny the allegations and characterizations as stated.

21. As to paragraph 30, Defendants deny the allegations and characterizations as stated, but admit Defendant Gorman conversed with the Plaintiff while the Plaintiff was in the police vehicle.

22. As to paragraph 31, Defendants deny the allegations and characterizations as stated.

23. As to paragraphs 32 and 33, Defendants admit that disrespect does not provide

justification for arrest or use of force, deny that any such "disrespect" was the reason for the arrest or any use of force.

24. As to paragraphs 34, 35 and 36, Defendants deny the allegations and characterizations as stated, but admit that Gorman and Adams discussed the charges considered and that Adams, as supervisor, determined that the charge against the Plaintiff would be Obstructing Governmental Administration.

25. As to paragraph 37, Defendants deny the allegations and characterizations as stated.

26. As to paragraph 38, Defendants deny the allegations and characterizations as stated.

27. As to paragraph 39, Defendants deny the allegations and characterizations as stated.

28. As to paragraph 40, Defendants deny the allegations and characterizations as stated.

29. As to paragraph 41, Defendants deny the allegations and characterizations as stated.

30. As to paragraph 42, Defendants deny that the charges were false, but lack knowledge or information as to Plaintiff's court appearances.

31. As to paragraph 43, Defendants deny the allegations and characterizations as stated, but admit that RPD provided additional training to Defendant Gorman in de-escalation techniques as to different techniques in dealing with uncooperative individuals like the Plaintiff, but specifically deny he was found to have used excessive force.

32. As to paragraph 44, Defendants deny the allegations and characterizations as stated.

33. As to paragraph 45, Defendants deny the allegations and characterizations as stated.

34. As to paragraph 46, Defendants deny the allegations and characterizations as stated.

35. As to paragraph 47, Defendants admit that Defendant Gorman underwent training, but deny the remaining allegations and characterizations as stated.

36. As to paragraph 48, Defendants admit the allegations generally, but state the documents referenced speak for themselves.

37. As to paragraph 49, Defendants admit the allegations generally that Gorman underwent training but deny the remaining allegations and characterizations as stated.

38. As to paragraph 50, Defendants deny the allegations and characterizations as stated that Gorman used "excessive force", but admit that Gorman was found to have not used de-escalation techniques before using force and failed to use lesser obtrusive techniques.

39. As to paragraph 51, Defendants admit Gorman used three knee strikes to gain

compliance and get an uncooperative individual under arrest into a police vehicle, but deny the remaining allegations and characterizations.

40. As to paragraph 52, Defendants deny the allegations and characterizations as stated, but admit that a non-compliant individual under arrest who refused to get into a police car while under arrest was pepper sprayed.

41. As to paragraph 53, Defendants admit that Gorman was issued a memorandum of record which speaks for itself and therefore deny the remaining allegations and characterizations as stated.

42. As to paragraph 54, Defendants deny the allegations and characterizations as stated.

43. As to paragraph 55, Defendants state that the document referenced speaks for itself, but deny the remaining allegations and characterizations as stated.

44. As to paragraph 56, Defendants deny the allegations and characterizations as stated.

45. As to paragraph 57, Defendants deny the allegations and characterizations as stated.

46. As to paragraph 58, Defendants deny the allegations and characterizations as stated.

47. As to paragraph 59, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation.

48. As to paragraphs 60 through 68, Defendants admit that Plaintiff was pepper sprayed and arrested, and further admit the Rochester Police Department did determine the use of pepper spray and the arrest were unwarranted, but otherwise lack knowledge or information sufficient to form a belief as to the allegations and characterizations as stated.

49.  As to paragraph 69, Defendants admit the allegations.

50. As to paragraph 70, Defendants admit the charges against Plaintiff were dismissed and hence Plaintiff did not commit the offense charged, but lack knowledge or information as to whether Plaintiff did not "physically interfere….in any way."

51. As to paragraph 71, Defendants deny the allegations.

52. As to paragraph 72, Defendants deny the allegations.

53. As to paragraph 73, Defendants admit the charges were dismissed, but lack knowledge or information sufficient to form a belief as to the remainder of the allegations.

54. As to paragraph 74, Defendants state that the document referenced speaks for itself.

55. As to paragraph 75, Defendants deny that Officer Stevens was found to have

fabricated that his OC container malfunctioned, but admit he was found to not have properly documented his use of OC spray

56. As to paragraph 76 Defendants admit the document referenced speaks for itself.

57. As to paragraph 77, Defendants deny that the PSS review found that Officer Stevens unintentionally struck Mr. Hall with his baton in the head.

58. As to paragraph 78, Defendants admit that the PSS review failed to properly supervise at the scene, but deny this "substantiated" Mr. Hall's allegations and state that Mr. Hall failed to appear or provide his testimony as to the subject events.

59. As to paragraph 79, Defendants lack knowledge or information sufficient to form a belief as to the allegations.

60.  As to paragraph 80, Defendants admit that investigations were conducted relative to one or more incidents alleged in the complaint but lack knowledge or information sufficient to form a belief as to the allegation relating to "desk duty."

60. As to paragraph 81, Defendants deny the allegations and characterizations as stated.

61. As to paragraph 82, Defendants deny the allegations and characterizations as stated.

62. Paragraphs 83 – 103 of the Complaint make allegations referencing a 2014 incident not involving any party to this suit, and a 2018 incident involving the Plaintiff, but not any individual Defendant in this matter. As such, the Defendants state the allegations relate to claims and incidents between four and eight years prior to the subject Complaint, involving individuals not party to the subject action. As such, the allegations are in some respects irrelevant to the action and overly burdensome to have to respond to in the context of the subject litigation and further are prejudicial to the individual Defendants. As such, the Defendants lack knowledge or information sufficient to form a belief as to the allegations and characterizations as stated generally, but specifically deny the prior 2014 incident involving individuals not party to this proceeding caused the subject incident and state that such incident and the underlying facts are irrelevant to the subject action and further deny that the 2014 incident caused the 2018 incident or that either one or both caused the incident of June 18, 2022. Defendant, City of Rochester, admits that claims such as those alleged in the 2014 and 2018 incident as referenced at paragraphs 83 – 103, were both the subject of litigation and that such litigation did not establish the truth or falsity of the subject claims.

63. As to paragraph 104, Defendants deny the allegations and characterizations as stated.

64. As to paragraph 105, Defendants deny the allegations and characterizations as stated.

65. As to paragraph 106, Defendants deny the allegations and characterizations as stated.

66. As to paragraph 107, Defendants state that the referenced document speaks for itself, though irrelevant to the subject action.

67. As to paragraph 108, Defendants state that the referenced document speaks for itself, though irrelevant to the subject action.

68. As to paragraph 109, Defendants state that the referenced document speaks for itself, though irrelevant to the subject action.

69. As to paragraph 110, Defendants deny the allegations and characterizations as stated.

70. As to paragraph 111, Defendants deny the allegations and characterizations as stated.

71. As to paragraph 112, Defendants deny the allegations and characterizations as stated.

72. As to paragraph 113, Defendants deny the allegations and characterizations as stated.

73. As to paragraph 114, Defendants state that the documents referenced speak for themselves, though irrelevant to the subject action.

74. As to paragraph 115, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

75. As to paragraph 116, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

76. As to paragraph 117, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

77. As to paragraph 118, Defendants deny the allegations and characterizations as stated.

78. As to paragraph 119, Defendants deny the allegations and characterizations as stated.

79. As to paragraph 120, Defendants deny the allegations and characterizations as stated.

80. As to paragraph 121, Defendants deny knowledge or information sufficient to form a belief as to the allegations and state any such posts by Plaintiff will speak for themselves.

81. As to paragraph 122, Defendants admit generally that the First Amendment generally provides for the freedom of expression, but lacks knowledge or information sufficient to form a belief as to whether the subject posts were subject to First Amendment protection.

82. As to paragraph 123, Defendants lack knowledge and information sufficient to form a belief as to whether his complaints were as a private citizen.

83. As to paragraph 124, Defendants deny the allegations

84. As to paragraph 125, Defendants deny the allegations and characterizations as stated.

85. As to paragraph 126, Defendants deny the allegations and characterizations as stated.

86. As to paragraph 127, Defendants deny the allegations and characterizations as stated.

87. As to paragraph 128, Defendants admit generally the right of public employees are protected from retaliation for their protected speech.

88. As to paragraph 129, Defendants deny the allegations

89. As to paragraphs 130, 142, 172, 186, 203, 215 & 223, Defendants repeat and re allege their answers to all of the allegations referenced therein.

90. Defendants deny paragraphs 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 143, 295 (sic), 144, 145, 146, 147, 158, 159, 160, 161, 162, 163, 164, 165, 167, 168, 169, 170 and 171.

91. As to paragraph 148, Defendants deny the allegations that there is extensive evidence of false cover charges and state that hence there is no specific "study" of the same.

92. As to paragraphs 149, 150, 151, 152, 153, 155, 156 and 157, Defendants state the multi-sentenced, lengthy allegations and characterizations violate the rules of fair and proper pleading and are stated in such a manner as to be impossible to answer with a plain and concise admission, denial or qualification.  As such, Defendants admit such claims or charges may have been made, deny the incidents involved a "contempt of cop" or "cover charges" as defined by the Plaintiff, but admit generally that claims were made by the referenced individuals, though such claims were not finally determined to be accurate or true. As such, the Defendants deny the allegations and characterizations as stated, but admit any lawsuits or claims records of the City of Rochester speak for themselves in responding to the allegations.

93. As to paragraph 158, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but state that crime statistics are routinely published by the Rochester Police Department.

94. As to paragraph 166, Defendants deny the allegations that there is any so called "contempt of cop" or "cover charge" requiring any training or oversight measures and hence denies the concept that there is an improper use requiring the same.

95. As to paragraph 173, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

96. As to paragraph 174, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

97. As to paragraph 175, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

98. As to paragraph 176, the Defendants admit the allegations.

99. As to paragraph 177, the Defendants admit the allegations.

100. As to paragraph 178, the Defendants deny the allegations.

101. As to paragraph 179, the Defendants deny exigent circumstances were required to make the subject arrest and state to the extent the incident in question was in the presence of Officer Gorman and he elected to make an arrest that the circumstances then and there existing in his position were reasonable and hence justified under the doctrine of qualified immunity.

102. As to paragraph 180, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because the Defendants are unable to decipher what the meaning of the allegation is.

103. As to paragraph 181, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

104. As to paragraph 182, the Defendants admit the allegations.

105. As to paragraph 183, the Defendants deny the allegations.

106. As to paragraph 184, the Defendants deny the allegations.

107. As to paragraph 185, the Defendants deny the allegations.

108. As to paragraph 187, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

109. As to paragraph 188, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

110. As to paragraph 189, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

111. As to paragraph 190, Defendants admit the charges were dismissed, but lack knowledge or information as to the timing of said dismissal or its relationship to the viewing, if any, of said videos.

112. As to paragraph 191, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

113. As to paragraph 192, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

114. As to paragraph 193, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

115. As to paragraph 194, Defendants deny the allegations.

116. As to paragraph 195, Defendants admit the charges were dismissed, but lack knowledge and information as to the truth of the remaining allegations.

117. As to paragraph 196, Defendants deny the allegations.

118. As to paragraph 197, Defendants deny the allegations.

119. As to paragraph 198, Defendants deny the allegations.

120. As to paragraph 199, Defendants deny the allegations.

121. As to paragraph 200, Defendants deny the allegations.

122. As to paragraph 201, Defendants deny the allegations.

123. As to paragraph 202, Defendants deny the allegations.

124. As to paragraph 203, Defendants repeat and re-allege its responses to all paragraphs referenced therein.

125. As to paragraph 204, Defendants deny the allegations.

126. As to paragraph 205, Defendants deny knowledge and information sufficient to form a belief as to the allegations.

127. As to paragraph 206, Defendants admit that the Rochester Police Department determined that Defendant Gorman should receive remedial training as a result of the subject incident in de-escalation procedures, but deny said determination was because of the use of force but because of all the circumstances surrounding the incident.

128. As to paragraph 207, Defendants deny the allegations.

129. As to paragraph 208, Defendants deny the allegations.

130 As to paragraph 209, Defendants admit that if the reason for any force was perceived disrespectful, that the same would be unlawful, but state that is not the reason Plaintiff was arrested and hence subject to some restraint and force.

131. As to paragraph 210, Defendants admit that the failure to deescalate was not within the training or policies of the RPD, but deny that the types and level of force used violated Plaintiff's constitutional rights.

132. As to paragraph 211, Defendants deny the allegations.

133. As to paragraph 212, Defendants deny the allegations.

134. As to paragraph 213, Defendants deny the allegations.

135. As to paragraph 214, Defendants deny the allegations.

136. As to paragraph 215, Defendants deny the allegations.

137. As to paragraph 216, Defendants deny the allegations.

138. As to paragraph 217, Defendants deny the allegations.

139. As to paragraph 218, Defendants deny the allegations.

140. As to paragraph 219, Defendants deny the allegations.

141. As to paragraph 220, Defendants deny the allegations.

142. As to paragraph 221, Defendants deny the allegations.

143. As to paragraph 223, Defendants admit that the Defendants acted under color of law but otherwise deny the allegations.

144. As to paragraph 224, Defendants deny the allegations.

145. As to paragraph 225, Defendants deny the allegations.

146. As to paragraph 226, Defendants deny the allegations.

147. As to paragraph 227, Defendants deny the allegations.

148. As to paragraph 228, Defendants deny the allegations.

149. As to paragraph 229, Defendants deny the allegations.

## AS AND FOR A FIRST AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

150. The incident complained of had nothing to do with any custom policy or practice of the City of Rochester and even if all the allegations of the complaint relative to a custom policy or practice of the City were accurate, the incident complained of was not a result of any such custom, policy or practice but solely as a result of plaintiff's unlawful conduct and failure to follow the appropriate and lawful order of a police officer to remove himself from a crime scene.

## AS AND FOR A SECOND AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

151. The individual defendants are entitled to qualified immunity from suit because:

      A.     No clearly established constitutional right was violated.

      B.     The defendants' actions were objectively reasonable under the

circumstances.

## AS AND FOR A THIRD AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

152. The individual defendants are entitled to immunity from continuation of this action

upon the ground that they acted in the good-faith belief that their actions constituted a reasonable

exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights

known by a reasonable person to exist at the time of the subject incident.

## AS AND FOR A FOURTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

153. The actions of the individual defendants constituted good faith exercise of discretion

and judgment, for which the defendants are immune from common-law liability.

## AS AND FOR A FIFTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

154. Upon information and belief, if the Plaintiff sustained any injuries or damages as

alleged in the Complaint, such injuries and damages were caused in whole or in part or were

contributed to by Plaintiff's own culpable conduct, contributory negligence and want of care,

and/or assumption of the risk, without any culpable conduct, negligence, or want of care on the

part of the Defendant, and the amount of damages recoverable by the Plaintiff, if any, should be

diminished in whole or in part in proportion to the Plaintiff's culpable conduct, contributory

negligence, want of care, and/or assumption of the risk.

## AS AND FOR A SIXTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

155. Upon information and belief, the Plaintiff failed to mitigate or otherwise act to

lessen or reduce the injuries, disabilities, and/or damages alleged in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

156. The actions and culpable conduct of Plaintiff was the sole proximate cause of

Plaintiff's injuries or contributed to Plaintiff's injuries and/or damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

157.  Plaintiff's damages, if any, should be reduced to the extent that Plaintiff failed to

mitigate those damages alleged in the complaint.

## AS AND FOR A NINTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

158. Upon information and belief, all or part of the cost of the Plaintiff's medical care,

loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or

in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the

future from such collateral sources, and to that extent these answering Defendants request that in

the event the Plaintiff recovers any judgment herein, such amount as is recovered in whole or in

part from collateral sources be reduced by said amounts.

## AS AND FOR A TENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

159. The actions of the individual officers were reasonable and justified under the

circumstances then and there existing.

**AS AND FOR AN ELEVENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

160. The officers acted in accordance with reasonable belief in the constitutionality of the

laws they were enforcing.

**AS AND FOR A TWELFTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

161. Defendants had no reasonable expectation that any constitutional right of the

Plaintiff was implicated by their actions and activities.

**AS AND FOR A THIRTEENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

162. Any and all actions of these answering Defendants were reasonable and necessary

and in accordance with the standards of police conduct and the emergency situation as it existed

at that time.

**AS AND FOR A FOURTEENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

163. The Defendants actions were reasonable, justified and in accordance with the actions

of a reasonable officer under the circumstances and emergency then and there existing they are

therefore entitled to qualified and or absolute immunity.

**AS AND FOR A FIFTEENTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

164. That all conduct of the defendant officers was justified under the circumstances

herein; was privileged conduct in the performance of defendant's police function; was supported

by probable cause; and was reasonably necessary to the performance of its duties and was in

accordance with the requirements of law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

165. The individual defendants had no duty to intervene as there was no readily

observable constitutional violation and hence had no duty or opportunity to intervene.

## AS AND FOR A SIXTEENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

166. Some of the allegations of the complaint are irrelevant, false and inflammatory, and

violate the rules of pleading of the Federal Rules of Civil Procedure and should be stricken from

the complaint.

## AS AND FOR A NOTICE TO THE PLAINTIFF

167. While defendants demand a jury trial, defendants place this notice to the plaintiff that it

will seek bifurcation of discovery and trial of the claims versus the individual officer defendants

and the Monell claims against the City of Rochester.


**WHEREFORE**, judgment is demanded as follows:

a. Dismissing the complaint;

b. Diminishing the damages otherwise recoverable in proportion to the culpable

conduct of Plaintiff;

c. Defendants demand a trial by jury.

d. For such other, further and different relief which may be just, proper and equitable.


Date:   January 11, 2023

LINDA S. KINGSLEY,
CORPORATION COUNSEL


By: s/ Patrick Naylon
Patrick N. Naylon, Municipal Attorney
*Attorneys for City Defendants*
30 Church St., Room 400A
Rochester, NY 14614
(585) 428-6906
Patrick.Naylon@cityofrochester.gov

To:     Roth & Roth, LLP
        Elliot Dolby Shields, Esq.
        *Attorneys for Plaintiff*
        192 Lexington Avenue, Suite 802
        New York, NY  10024
        (202)425-1020
        eshields@rothandrothlaw.com